117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Alan MORTON, Defendant-Appellant.
 No. 96-50103.
 United States Court of Appeals, Ninth Circuit.
 Submission Deferred December 16, 1997.
Submitted June 30, 1997.
Decided July 2, 1997.
 
 Appeal from the United States District Court for the Southern District of California,** No. CR-93-01681-IEG; Irma E. Gonzalez, District Judge, Presiding.
 Before: PREGERSON, D. NELSON, O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gregory Allen Morton appeals his sentence of 380 months imprisonment for his conviction on seven counts of bank robbery under 18 U.S.C. § 2113(a). At his original sentencing hearing the district court departed upward four levels in calculating Morton's offense level because of the circumstances surrounding a dangerous high speed chase. The Guidelines authorize a two-level increase under § 3C1.2 for recklessly creating a substantial risk of death or injury in the course of fleeing from the police. The court departed from the guidelines to add an additional two levels because Morton endangered several people's lives during the chase.
 
 
 3
 In 1995, in an unpublished disposition, we affirmed Morton's conviction and held that the district court was authorized to depart upward from the guidelines given the facts of the high speed chase. However, we remanded to the district court for the court to give a "reasoned explanation of the extent of the departure founded on the structure, standards and policies of the [Sentencing] Act and Guidelines." United States v. Morton, No. 94-50508, 1995 WL 565057, * 4 (9th Cir. September 21, 1995) (unpublished disposition).
 
 
 4
 On remand, the district court explained that the two level additional departure was imposed because: (1) most departures set forth in the Guidelines are in increments of two levels; (2) Application Note 6 to § 3C1.2 authorizes a two level upward departure for endangering the lives of more than one person; and (3) Application Note 2 to § 3C1.2 authorizes a two level upward departure for a more culpable mens rea.
 
 
 5
 The court found that Morton endangered the lives of several people, and also exhibited a mens rea that was equivalent to the mens rea necessary for second degree murder had death resulted from his actions. The court explained that this combination of factors led her to conclude that Morton's actions justified a four level upward departure, rather than the two levels authorized by § 3C1.2. The court reconfirmed its conclusion that Morton had an offense level of 38 and sentenced him to 380 months in prison.
 
 
 6
 We do not reach Morton's renewed argument that the district court lacked authority to depart from the Guidelines because our previous ruling on this issue is the law of the case. See Hegler v. Borg, 50 F.3d 1472, 1475 (9th Cir.1995).
 
 
 7
 We affirm the district court's decision to depart upwards four levels because the district court's explanation is reasonable. "[W]here, as here, a district court sets out findings justifying the magnitude of its decision to depart and extent of departure from the Guidelines, and that explanation cannot be said to be unreasonable, the sentence imposed must be affirmed." United States v. Sablan, No. 94-10534, slip. op. at 6544 (9th Cir. June 5, 1997).
 
 
 8
 We reject Morton's final argument that because attempted kidnapping is not necessarily a crime of violence the district court erred in finding him to be a career offender under § 4B1.1. The district court found that Morton's criminal history placed him in category VI for two independent reasons: (1) because he was a career criminal under § 4B1.1, which required an automatic category VI; and (2) because the points attributable to Morton for his past criminal conduct add up to 13 points, also placing him in Category VI.
 
 
 9
 Morton does not appeal the district court's conclusion that his criminal history category is VI, but only appeals his status as a career offender. As there is an independent basis for holding that Morton's criminal history falls within category VI, and indeed, because Morton does not challenge the court's conclusion that category VI is his proper criminal history category, any error in also finding him to be a career offender would be harmless.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit R. 34-4(c)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3